# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4109 | **DATE** | 11-28-2011 |
| **CASE TITLE** | Roosevelt Wilder, Jr. (N-64357) v. Wexford Health Sources, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff Roosevelt Wilder, Jr., prepaid the $350 filing fee [6] and filed his complaint [8]. The following defendants are dismissed: Addus Health Care, Mark Heaney, Lorie Colclasure, Dr. Elyea, Dr. Joseph Smith, Dr. Kurian, and Barbara Miller. Wilder may proceed with his complaint against the other defendants, for whom the Clerk is requested issue summonses for service through the U.S. Marshals Service. Wilder's motion for the appointment of counsel [7] is denied without prejudice.

■ [**For further details see text below.**]

Docketing to mail notices.

## STATEMENT

   Plaintiff Roosevelt Wilder, Jr., an inmate at the Stateville Correctional Center, filed this 42 U.S.C. § 1983 action against 20 defendants, claiming deliberate indifference to his hernia condition. The complaint alleges as follows. In 1996, Wilder was diagnosed with a hernia. In 2000, he aggravated it climbing to his upper bunk. For the following ten years, he complained about and requested surgery for his condition. Surgery was performed in December 2010. Wilder received inadequate medical care following surgery. Acknowledging that many of his claims involve events that occurred more than two years before he brought this suit, Wilder contends that the continuing violation doctrine applies to his case. *See Heard v. Sheahan*, 253 F.3d 316, 320-21 (7th Cir. 2001).

   Defendants can be divided into four groups: (1) the Stateville defendants are Dr. Partha Ghosh, Dr. Liping Zhang, Physician Assistant Williams, Nurse Tiffany Utke, Medical Technician Joe Shehey, Health Care Unit Administrator Royce Brown-Reed, Warden Marcus Hardy, and Assistant Wardens Mark Hosey and Kenneth Osborne; (2) the Wexford defendants are Wexford Health Sources, its Chief Executive Officer Kevin Halloren, and its Regional Director Allen Karraker; (3) the Addus defendants are Addus Health Care (the health care provider before Wexford), its Chief Operating Officer Mark Heaney, its Regional Manager Lorie Colclasure, two Stateville doctors (Dr. Joseph Smith and Dr. Kurian) who were employed by Addus and who are no longer at Stateville, and prior Stateville Health Care Administrator Barbara Miller, who was also employed by Addus; and (4) Illinois Department of Corrections ("IDOC") Medical Director Dr. Schicker, and prior IDOC Medical Director Dr. Elyea.

   Of the 20 defendants, there are several against whom Wilder's claims are clearly untimely, even under a continuing violation theory. The limitations period for a § 1983 deliberate indifference claim in Illinois is two years. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639 (7th Cir. 2008). Under the continuing violation doctrine, a deliberate indifference claim against each defendant arises when the defendant commits the tort—here the refusal to provide adequate medical treatment—and "commences anew every day that treatment is withheld." *Jervis v. Mitcheff,* 258 Fed. Appx. 3, 6 (7th Cir. 2007) (citing *Heard*, 253 F.3d at 318). The refusal to provide treatment continues, however, only "as long as the defendants had the power to do something about [Wilder's] condition." *Heard,* 253 F.3d at 318.

**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|

In this case, the Addus defendants were no longer associated with Stateville or Wilder for more than two years before he brought this suit. Addus provided medical services for inmates at Stateville in the early 2000s prior to Wexford taking over that role in the mid-2000s. *See Hall-Moten v. Smith*, No. 05 C 5510, 2009 WL 1033361, *2 (N.D. Ill. April 17, 2009); *Flournoy v. Ghosh,* No. 07 C 5297, 2010 WL 1710807, *1 (N.D. Ill. April 7, 2010). Dr. Kurian worked at Stateville from 1987 through 2001. *See Williams v. Funk*, No. 03 C 1402, 2006 WL 771271, *2 (C.D. Ill. May 27, 2006). Barbara Miller was the Health Care Unit Administrator at Stateville from 1994 to January 2003. *See English v. Smith*, No. 04 C 5534, 2008 WL 4287628, *2 (N.D. Ill. Sept. 15, 2008). Dr. Joseph Smith ceased being the medical director at Stateville in May 2003. *Ibid*. Also, Dr. Elyea retired as the IDOC Director of Medical Services on May 1, 2007. *See Heard v. Wexford Health Sources*, No. 09 CV 00449, 2011 WL 4479309, *2 (S.D. Ill. Sept. 26, 2011). These individuals, as well as Addus, Addus Officer Mark Heaney, and Addus Manager Lorie Colclasure, thus "no longer 'had the power to do something' as required by the Seventh Circuit to maintain a continuing violation." *Ibid*. (quoting *Heard*, 253 F.3d at 318). Accordingly, Addus, Mark Heaney, Lorie Colclasure, Dr. Elyea, Dr. Smith, Dr. Kurian, and Barbara Miller are dismissed as defendants.

A preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that Wilder may proceed with his claims against the other defendants. The Clerk shall issue summonses for service of the complaint on Defendants Ghosh, Zhang, Williams, Utke, Shehey, Brown-Reed, Hardy, Hosey, Osborne, Wexford Health Sources, Halloren, Karraker, and Schicker.

The United States Marshals Service is appointed to serve the defendants. Wilder must assist the Marshal by providing information that will allow the Marshal to effectuate service. The Marshal shall send Wilder any service forms that he must complete. Wilder's failure to return forms to the Marshal will result in the dismissal of those defendants about whom service information is not provided. The Marshal is requested to make all reasonable efforts to serve the defendants. With respect to any former employee who is no longer at the work address provided by Wilder, the court directs Stateville, Wexford, and IDOC to furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service or to show proof of service, and any documentation of the address shall be retained only by the Marshal. Address information shall not be kept in the court file. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2). If unable to obtain waivers, the Marshal shall attempt to serve the defendants personally.

Wilder is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Wilder must send an exact copy of any filing to Defendants or, for any Defendant represented by counsel, to his or her attorney. Wilder must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Wilder.

Wilder's motion for the appointment of counsel is denied without prejudice, as such appointment is not necessary at this early stage of this case. The case at present is not overly complex, and Wilder's complaint demonstrates that he is competent to represent himself at this time. *See Romanelli v. Suliene*, 615 F.3d 847, 851 -52 (7th Cir. 2010); *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). His motion is thus denied without prejudice to reinstatement later in the case if the case becomes too complex for Wilder to handle himself.